UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOVA ZACHARY, individually and on behalf of others similarly situated,<br><br>                                                     Plaintiffs,<br><br>         - against -<br><br>BG RETAIL, LLC,<br><br>                                                     Defendant. | **Case No.: 22-cv-10521 (VB)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMNEDED COMPLAINT**

**LEEDS BROWN LAW, P.C.**
Brett R. Cohen
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for Plaintiff & the Putative Class*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... i

**TABLE OF AUTHORITIES** .......... ii

**INTRODUCTION** .......... 1

**PRELIMINARY STATEMENT** .......... 1

**STATEMENT OF FACTS** .......... 2

**ARGUMENT** .......... 3

A. It is Well-Settled Law that Plaintiffs Have Article III Standing in NYLL § 191 Cases .......... 3

1. Defendant's Failure to Timely Pay Plaintiffs Give Rise to Economic Loss .......... 4

2. The Plain Language of the NYLL Permits Recovery of Liquidated Damages .......... 4

3. An Analysis of Damages to Be Awarded is Premature and is Not Dispositive .......... 5

4. Plaintiff Has Standing to Bring a Claim for a Violation of NYLL § 195(1)(a) .......... 5

B. NYLL § 191 Contains a Private Right of Action .......... 7

1. NYLL § 191 Contains an Express Private Right of Action .......... 7

2. NYLL § 191 Contains an Implied Private Right of Action .......... 8

C. Defendant's Fail-Safe Class Argument is Premature .......... 9

**CONCLUSION** .......... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Alves v. Affiliated Care of Putnam, Inc.*,
   No. 16-CV-1593 (KMK), 2022 U.S. Dist. LEXIS 59122 (S.D.N.Y. Mar. 30, 2022) .......................... 6

*Brecher v. Republic of Arg.*,
   806 F.3d 22 (2d Cir. 2015) ............................................................................................................. 9

*Carter v. HealthPort Techs., L.L.C.*,
   822 F.3d 47 (2d Cir. 2016) ............................................................................................................. 3

*Caul v. Petco Animal Supplies, Inc.*,
   No. 20 Civ. 3534 (RPK) (SJB), 2022 U.S. Dist. LEXIS 184652 (E.D.N.Y. Sept. 27, 2021) ............... 4

*Chen-Oster v. Goldman, Sachs & Co.*,
   No. 10 Civ. 6950 (LBS) (JCF), 2012 U.S. Dist. LEXIS 12961 (S.D.N.Y. Jan. 19, 2012) ................. 10

*Daly v. Citigroup Inc.*,
   939 F.3d 415 (2d Cir. 2019) ........................................................................................................... 3

*Flores v. Jermyn Contr. Corp.*,
   21-cv-5630, 2022 U.S. Dist. LEXIS 179257 (S.D.N.Y. Sept. 30, 2022) ............................................ 6

*Georgiou v. Harmon Stores, Inc.*,
   2022 U.S. Dist. LEXIS 234643 (E.D.N.Y. Jan. 5, 2023) ...................................................................... 8

*Gillett v. Zara USA, Inc.*,
   No. 1:20-cv-3734 (KPF), 2022 U.S. Dist. LEXIS 143434 (S.D.N.Y. Aug. 10, 2022) .................... 3, 7

*In re Harris*,
   No. 1:21-cv-9946-GHW, 2023 U.S. Dist. LEXIS 28419 (S.D.N.Y. Feb. 20, 2023) ................... *passim*

*Konkur v. Utica Acad. of Sci. Charter, Sch.*,
   38 N.Y.3d 38 (2022) ....................................................................................................................... 8

*Lucero v. Shaker Contractors*,
   No. 21-CV-8675 (LGS) (JW), 2023 U.S. Dist. LEXIS 70227 (S.D.N.Y. Apr. 21, 2023) ................... 6

*Mabe v. Wal-Mart Assocs. Inc.*,
   20-cv-591, 2022 U.S. Dist. LEXIS 54392 (N.D.N.Y. Mar. 24, 2022) ......................................... 8-9, 9

*Mazzei v. Money Store*,
   288 F.R.D. 45 (S.D.N.Y. 2012) ..................................................................................................... 9

*Nunez v. Exec. Le Soleil N.Y. L.L.C.*,
   22-cv-4262, 2023 U.S. Dist. LEXIS 81331 (S.D.N.Y. May 9, 2023) ............................................ 3-4

*Petrosino v. Fastenal Co.*,
   No. 1:22-cv-705 (MAD/DJS), 2023 U.S. Dist. LEXIS 86046 (N.D.N.Y. May 17, 2023) .......... *passim*

*Rankine v. Levi Strauss & Co.*,
   22-cv-3362-LTS, 2023 U.S. Dist. LEXIS 89064 (S.D.N.Y. May 22, 2023) ................................... 3, 7

*Rath v. Jo-Ann Stores, LLC*,
    21-cv-791S, 2022 U.S. Dist. LEXIS 214798 (W.D.N.Y. Nov. 29 2022) ............................. 8

*Rodriguez v. New Generation Hardware Store Corp.*,
    No. 22-cv-4422 (LJL), 2023 U.S. Dist. LEXIS 18744 (S.D.N.Y. Feb. 3, 2023) ................. 6

*Salazar v. 203 Lena*,
    No. 16 CV 7743 (VB), 2020 U.S. Dist. LEXIS 197634 (S.D.N.Y. Oct. 22, 2020) ............. 6

*Sheehy v. Big Flats Cmty. Day, Inc.*,
    73 N.Y.2d 629 (1989) ........................................................................................................ 8

*Sicard v. Kirkland's Stores, Inc.*,
    22-cv-7180, 2023 U.S. Dist. LEXIS 69016 (S.D.N.Y. Apr. 18, 2023) .......................... 1-2, 7

*TransUnion L.L.C. v. Ramirez*,
    141 S. Ct. 2190 (2021) ..................................................................................................... 6

*Vann v. Persico*,
    No. 20-CV-628 (KMK), 2022 U.S. Dist. LEXIS 171104 (S.D.N.Y. Sept. 20, 2022) ......... 6

*Vega v. CM & Ass'n Const. Mgt., L.L.C.*,
    175 A.D.3d 1144 (1st Dep't 2019) ............................................................................ *passim*

*Xuedan Wang v. Hearst Corp.*,
    No. 12 CV 793 (HB), 2012 U.S. Dist. LEXIS 97043 (S.D.N.Y. July 12, 2012) ................ 9

**Statutes**

Federal Rules of Civil Procedure Rule 12 ............................................................................ 1, 3

Federal Rules of Civil Procedure Rule 23 ............................................................................. 10

New York Labor Law § 191 ............................................................................................ *passim*

New York Labor Law § 195 ................................................................................................ 5, 6

New York Labor Law § 198 ................................................................................................ 5, 6

**INTRODUCTION**

Named Plaintiff Tova Zachary ("Plaintiff"), for herself and on behalf of a proposed class of similarly situated employees (collectively "Plaintiffs"), by her attorneys Leeds Brown Law, P.C., submits this Memorandum of Law in opposition to the motion of Defendant BG Retail, LLC ("BG Retail" or "Defendant") seeking an order pursuant to Rules 12(b)(1) and (6), and 12(f) of the Federal Rules of Civil Procedure dismissing Plaintiffs' First Amended Complaint ("FAC") and striking the class allegations. For the reasons set forth below, it is respectfully submitted Defendant's motion should be denied in its entirety.

**PRELIMINARY STATEMENT**

Plaintiffs' well-pleaded FAC alleges that for dozens of statutory pay periods, Plaintiffs failed to receive their weekly compensation on time and as required under New York Labor Law ("NYLL") § 191. Defendant effectively concedes it violated the face of NYLL § 191 when it paid its workers on a biweekly basis, but contends it is of no consequence because Plaintiffs were eventually paid. In moving to dismiss, Defendant makes two primary arguments: (1) Plaintiffs lack standing under Article III to pursue damages for a violation of NYLL § 191; and (2) there is no private right of action for a violation of NYLL § 191. Defendant proffers a third argument in an attempt to curtail liability by contending in the alternative that Plaintiffs' class allegations constitute an impermissible fail-safe class and should be struck.

These exact arguments Defendant rely upon in asking this Court to grant dismissal of the FAC have been unanimously rejected by every court in this Circuit to have considered them. The certainty of the law is such that in April, Judge Halpern did not even permit the defendant in another pay frequency case to brief its motion, instead construing the pre-letter motion as the motion and denying it. *See Sicard v. Kirkland's Stores, Inc.*, 22-cv-7180 (PMH), 2023 U.S. Dist.

1

LEXIS 69016 (S.D.N.Y. Apr. 18, 2023). Notably, the defendant in *Sicard* was represented by BG Retail's counsel, and the same arguments raised herein were raised in the *Sicard* defendant's pre-motion letter.[1] In a matter that BG Retail's counsel did fully brief, though, the end result was no different. *See Petrosino v. Fastenal Co.*, No. 1:22-cv-705 (MAD/DJS), U.S. Dist. LEXIS 86046 (N.D.N.Y. May 17, 2023) (denying the defendant's motion where its standing and private right of action arguments mimicked nearly verbatim the arguments raised by Defendant herein). However, such a result is not endemic to BG Retail's counsel, as this has been the case across the board on motions to dismiss on these grounds, regardless of representation. Simply, courts in this Circuit have time and again declined to effectively "overturn" the Appellate Division's ruling in *Vega v. CM & Ass'n. Const. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019). Defendant provides no reason whatsoever why this Court should be the first to do so.

Finally, Defendant's contention that Plaintiffs' class allegations should be stricken is similarly unpersuasive, as the case law clearly indicates Defendant's request is premature at this stage. Instead, the proper time for Defendant to seek such relief is at class certification.

For the foregoing reasons, which are explained in more detail below, Plaintiffs respectfully request that this Court deny Defendant's motion in its entirety.

## STATEMENT OF FACTS

Plaintiffs do not dispute Defendant's recitation of pertinent facts in its "Background and Procedural History" section. *See* Def's Mem. of Law at p. 3.

---

[1] This includes the request to strike class allegations, a request that was withdrawn on the record following argument on same.

**APPLICABLE LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Daly v. Citigroup Inc.*, 939 F.3d. 415, 425 (2d Cir. 2019) (internal quotation marks omitted) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Where a defendant's "arguments concerning standing are 'based solely on the allegations of the complaint or the complaint and exhibits attached to it'", the defendant has "mount[ed] a facial challenge to the Court's subject matter jurisdiction." *Gillett v. Zara USA, Inc.*, No. 1:20-cv-3734 (KPF), 2022 U.S. Dist. LEXIS 143434, *12 (S.D.N.Y. Aug. 10, 2022) (quoting *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)). "In ruling on a facial Rule 12(b)(1) motion, the court must accept as true all material allegations contained in the complaint and construe the pleadings in favor of the plaintiff." *Id.* (quoting *Carter*, 822 F.3d at 57).

**ARGUMENT**

**A. It is Well-Settled Law that Plaintiffs Have Article III Standing in NYLL § 191 Cases**

While Defendant contends that employees do not have Article III standing to bring claims for NYLL § 191 violations, Defendant fails to address that the litany of cases where this exact argument has been rejected. *See e.g.*, *Rankine v. Levi Strauss & Co.*, 22-cv-3362-LTS, 2023 U.S. Dist. LEXIS 89064, *7 (S.D.N.Y. May 22, 2023) (finding the standing "argument has been rejected repeatedly by courts in this Circuit in the specific context of claims arising under Section 191"); *Petrosino v. Fastenal Co.*, No. 1:22-cv-705 (MAD/DJS), 2023 U.S. Dist. LEXIS 86046 (N.D.N.Y. May 17, 2023)[2]; *Nunez v. Exec. Le Soleil N.Y. LLC*, 22-cv-4262, 2023 U.S. Dist. LEXIS

---

[2] The defendant in *Petrosino* was also represented by B.G. Retail's counsel, and made the same unavailing challenges to the plaintiff's NYLL § 191 claim that they have raised here.

81331 (S.D.N.Y. May 9, 2023); *In re Harris*, No. 1:21-cv-9946-GHW, 2023 U.S. Dist. LEXIS 28419, (S.D.N.Y. Feb. 20, 2023); *Gillett*, 2022 US Dist. LEXIS 143434. Defendant cannot distinguish this ample authority from the case at bar, and so it has chosen to ignore them in hopes this Court overlooks their existence.

### 1. **Defendant's Failure to Timely Pay Plaintiffs Give Rise to Economic Loss**

In support of its contention that Plaintiff has not suffered an economic loss, Defendant relies on two cases brought seeking recovery for procedural violations of federal law, making them easily distinguishable. *See* Def's Mem. of Law at p. 7 (citing *Katz v. Donna Karan Int'l*, Inc., No. 14 Civ. 740, 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y May 17, 2017) and *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). As accurately observed in *Petrosino*, because Plaintiff is alleging violations of state law, "more illustrative are the lines of federal district court cases, [] which hold that the delayed payment of wages in violation of NYLL § 191 is a concrete harm and injury in fact sufficient for Article III standing." 2023 U.S. Dist. LEXIS 86046 at *7-8; *see also Gillett*, 2022 U.S. Dist. LEXIS 143434 at *15 ("Irrespective of the fact that plaintiff ultimately received the entire sum of wages he was owed, this delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III. This is because the '[t]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing.'" (quoting *Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2022 U.S. Dist. LEXIS 184652, *4 (E.D.N.Y. Sept. 27, 2021)).

### 2. **The Plain Language of the NYLL Permits Recovery of Liquidated Damages**

Defendant continues to argue *Vega* should not be relied upon since it allegedly only addressed the right to a private action and not the liquidated damages issue, which is an inaccurate characterization. Indeed, *Vega* specifically addressed the liquidated damages issue, reiterating that:

> The Supreme Court has held that, regardless of whether an employee has been paid wages owed before the commencement of the action, the statute provides a liquidated damages remedy for the "failure to pay the statutory minimum on time," in order to provide compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.

175 A.D.3d at 1145-46 (quoting *Brooklyn Savings Bank v O'Neil*, 324 U.S. 697 (1945)). The *Vega* court recognized while there is a difference between state and federal law, "both are designed to deter wage-and-hour violations in a matter calculated to compensate the party harmed." *Id*.

### 3. An Analysis of Damages to Be Awarded is Premature and is Not Dispositive

Tying into its argument about liquidated damages, Defendant attempts to mitigate its potential exposure by asking this Court to make a determination now that would effectively serve to cap Plaintiffs' eventual recovery. As Defendant points out, NYLL § 198(1-a) provides for "an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due." *See* Def's Mem. of Law at p. 8. Thus, once Defendant's lawfully allowed time to pay Plaintiff her earned wages expired, she was owed not only those wages, but liquidated damages as well. To the extent that Defendant argues that Plaintiff should be limited recovering the time value of money as opposed to statutory damages, Plaintiffs respectfully submit that argument is premature. *See Petrosino*, 2023 U.S. Dist. LEXIS 86046 at *11 (deferring to address the liquidated damages issues and calculations until later) (citing *Day v. Tractor Supply Co.*. 22-cv-489, 2023 U.S. Dist. LEXIS 45489, *1 (W.D.N.Y. Mar. 17, 2023) ("The Court will address liquidated damages issues, calculations … at summary judgment or at trial.")).

### 4. Plaintiff Has Standing to Bring a Claim for a Violation of NYLL § 195(1)(a)

Plaintiff has clearly and unequivocally alleged that Defendant failed to provide her with a Notice of Pay Rate and Pay Day in accordance with NYLL § 195(1)(a). Equally clear is that a plaintiff is entitled to recovery of statutory damages for such a violation pursuant to

5

NYLL § 198(1-b). This Court has expressly awarded damages for violations of NYLL § 195 in other matters, and in so doing impliedly found standing for such claims. *See e.g.*, *Flores v. Jermyn Contr. Corp.*, 21-cv-5630(VB), 2022 U.S. Dist. LEXIS 179257 (S.D.N.Y. Sept. 30, 2022); *Salazar v. 203 Lena Inc.*, 16-cv-7743(VB), 2020 U.S. Dist. LEXIS 197634 (S.D.N.Y. Oct. 23, 2020). Notably, *Flores* is not an outlier in finding Article III standing in connection with NYLL § 195 claims since the Supreme Court's decision *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *See e.g.*, *Lucero v. Shaker Contractors*, No. 21-CV-8675 (LGS) (JW), 2023 U.S. Dist. LEXIS 70227, at *3 (S.D.N.Y. Apr. 21, 2023); *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-cv-4422 (LJL), 2023 U.S. Dist. LEXIS 18744, at *9 (S.D.N.Y. Feb. 3, 2023); *Vann v. Persico*, No. 20-CV-628 (KMK), 2022 U.S. Dist. LEXIS 171104 (S.D.N.Y. Sep. 20, 2022) (dismissing the plaintiff's NYLL § 195(1) claim on other grounds); *Alves v. Affiliated Care of Putnam, Inc.*, No. 16-CV-1593 (KMK), 2022 U.S. Dist. LEXIS 59122 (S.D.N.Y. Mar. 30, 2022) (denying competing motions for summary judgment on the plaintiffs' § 195(1) claims, but granting **the plaintiffs'** motion for same on the § 195(3) claims).

Importantly, Defendant's failure here to provide a Wage Theft Notice in accordance with the law has harmed Plaintiff in a manner dissimilar to the harm suffered by plaintiffs in the far majority of cases where courts have held there is no standing to pursue claims for NYLL § 195 violations. In most such cases, typically the plaintiff has primarily alleged the defendant has failed to pay minimum or overtime wages, meaning that the information required to be present on the Wage Theft Notice would be irrelevant, as the defendant would not be following it anyway. Here, however, there is no such allegation, and in fact the opposite is true; if the requisite form was completed and provided to Plaintiff, she would have known upon her hiring that Defendant intended to pay her pursuant to an illegal scheme, rather than being subjected to it <u>after</u> her

6

employment commenced. In other words, a theoretical notice has limited value where it would not indicate a particular pay practice would be forthcoming (for example, overtime paid at straight time), and as such it is more conceivable in such a scenario there is no damage; however, where, as here, the notice would presumptively advise that the pay period would be bi-weekly, the information contained therein would allow for an informed decision whether the job is one the prospective employee would actually want.

### B. NYLL § 191 Contains a Private Right of Action

Many of the courts in this Circuit that have ruled on Article III standing in pay frequency matters also addressed a defendant's challenge concerning whether NYLL § 191 contains a private right of action. All tasked with doing have answered in the affirmative, be it based on either an express or private right of action. *See e.g.*, *Sicard*, 2023 U.S. Dist. LEXIS 69016 at * (in disallowing the defendant to fully brief its motion, the court referred to its transcript, holding "Specifically, the Court cited the myriad of district court decisions in the Second Circuit rejecting Defendant's arguments related to standing and injury."); *Rankine*, 2023 U.S. Dist. LEXIS 89064; *Petrosino*, 2023 U.S. Dist. LEXIS 86046; *In re Harris*, 2023 U.S. Dist. LEXIS 28419; *Gillett*, 2022 US Dist. LEXIS 143434.

#### 1. NYLL § 191 Contains an Express Private Right of Action

Defendant concedes that *Vega* found NYLL § 191 to contain an express private right of action, but argues that *Vega* was decided incorrectly. Without mentioning specific cases, Defendant also concedes that other courts have followed *Vega* – in fact, all courts have – but argues that this Court is not bound by *Vega*. While that may be true, the *Petrosino* court appropriately addressed this contention, stating it "does not find Defendant's arguments persuasive enough to suggest the state's highest court would reach a different conclusion than that contained in *Vega*.

7

Rather, the Court is persuaded by other federal court cases finding an express right." 2023 U.S. Dist. LEXIS 86046 at *14 (citing to *Rath v. Jo-Ann Stores, LLC*, 21-cv-791S, 2022 U.S. Dist. LEXIS 214798 (W.D.N.Y. Nov. 29, 2022) as merely one example); *see also In re Harris*, 2023 U.S. Dist. LEXIS 28419 at *3 ("Many federal courts have evaluated the fundamental question at issue here. All have concluded that the New York State Court of Appeals would follow the reasoning of the First Department's decision in *Vega*").

Defendant has not provided any rationale for why this Court should depart from *Vega* when every other Court has rejected the opportunity to do so.

## 2. NYLL § 191 Contains an Implied Private Right of Action

Defendant cites to *Georgiou v. Harmon Stores, Inc.*, 2022 U.S. Dist. LEXIS 234643 (E.D.N.Y. Jan. 5, 2023) in support of its contention that NYLL § 191 does not contain an implied private right of action following the New York Court of Appeals decision in *Konkur v. Utica Acad. of Sci. Charter, Sch.*, 38 N.Y.3d 38 (2022). However, the *Georgiou* court did not outright hold that there is no implied private right of action, but Judge Cogan was merely opining on whether *Vega* had been abrogated. *Georgiou*, 2023 U.S. Dist. LEXIS 234634 at *10-11. In fact, *Georgiou* explicitly acknowledged that all the lower federal courts that decided whether *Vega* had been either abrogated or overruled *sub silencio* since *Konkur* had answered that question in the negative. *Id.* at *9-10.

Here, Defendant argues that *Vega* did not analyze whether an implied private right of action exists under the factors laid out in *Sheehy v. Big Flats Community Day*, 73 N.Y.2d 629, 633 (1989). However, this exact contention was rejected by the court in *Petrosino*, which found *Vega* did cite to *Sheehy*. *See Petrosino*, 2023 U.S. Dist. LEXIS 86046 at *16-17. *Petrosino* also specifically cited to *Mabe v. Wal-Mart Assocs. Inc.*, 20-cv-591, 2022 U.S. Dist. LEXIS 54392, *7 (N.D.N.Y.

8

Mar. 24, 2022), which itself "discuss[ed] *Vega* addressing the *Sheehy* test and finding an implied right of action". *See id.* at *17. Ultimately, *Petrosino* held that "[o]ther courts have recognized an implied right of action and *Vega*'s analysis of such an implied right, and this Court concurs in those findings." *Id.*

As was the case in *Petrosino*, here, "Defendant has failed to provide persuasive evidence that the highest state court would depart from *Vega*'s interpretations" and as such, Defendant's motion must be denied. *See Petrosino*, 2023 U.S. Dist. LEXIS 86046 at *17.

## C. **Defendant's Fail-Safe Class Argument is Premature**

Plaintiffs dispute Defendant's contention that the complaint pleads a fail-safe class. In any event, this argument is premature and will remain so until the parties reach the class certification phase. There is no authority to support the contrary, and unsurprisingly, Defendant relies only on decisions rendered at the class certification stage. *See Mazzei v. Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012); *see also Brecher v. Republic of Arg.*, 806 F.3d 22 (2d Cir. 2015).

A decision on point is *Wang v. Hearst Corp.*, 12-cv-793 (HB), 2012 U.S. Dist. LEXIS 97043 (S.D.N.Y. July 12, 2012). In *Wang*, the court was tasked with, *inter alia*, deciding the defendant's motion to strike the plaintiff's class and collective allegations. *Id.* at *1. The *Wang* court held that "[m]otions to strike are 'generally looked upon with disfavor [and a] motion to strike class allegations … is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation … before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Id.* at * 7 (quoting *Chenensky v. N.Y. Life Ins. Co.*, No. 07- Civ. 11504, 2011 U.S. Dist. LEXIS 48199, at *1 (S.D.N.Y. Apr. 27, 2011) (brackets and ellipses in original). Ultimately, the *Wang* court denied the defendant's motion, finding "since scant discovery has occurred" the

9

argument that Rule 23 requirements are not met was premature. *Id.* (citing *Cruz v. Hook-Superx, LLC*, No. 09 Civ. 7717, 2010 U.S. Dist. LEXIS 81021 (S.D.N.Y. Aug. 5, 2010).

The same decision should be made here because "[m]otions to strike are [] usually denied where they raise arguments that would be considered on a motion for class certification." *Wang*, 2012 U.S. Dist. LEXIS 97043 at *7 (citing *Chen-Oster v. Goldman, Sachs & Co.*, No 10 Civ. 6950, 2012 U.S. Dist. LEXIS 12961, *4 (S.D.N.Y. Jan. 19, 2012)).

## CONCLUSION

For the foregoing reasons, Defendant's motion must be denied in its entirety.

Dated: Carle Place, New York  
   June 15, 2023

**LEEDS BROWN LAW, P.C.**

*/s/ Brett R. Cohen*  
Brett R. Cohen  
One Old Country Road, Suite 347  
Carle Place, New York 11514  
Tel: (516) 873-9550

*Attorneys for Plaintiff & the Putative Class*