UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TOVA ZACHARY, individually and on behalf of  :
all others similarly situated,
                                             :
                                             :
              Plaintiff,                     :
                                             :   Case No. 7:22-cv-10521
                                             :
       -against-                             :
                                             :
BG RETAIL, LLC,                              :
                                             :
              Defendant.                     :
                                             :
-------------------------------------------------------------- x

**BG RETAIL, LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Evan Citron, Esq.
Jessica Schild, Esq.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500

*Attorneys for BG Retail, LLC*

**TABLE OF CONTENTS**

                                                                       **Page**

ARGUMENT ................................................................................................................................. 2

    I.      Plaintiff Has Not Refuted BG Retail's Standing Arguments ................................. 2

           A.      Plaintiff Lacks Standing Under Section 191 Because He Has No Injury ......................................................................................................... 2

           B.      Plaintiff Is Not Entitled to Liquidated Damages on the Full Week of Late Wages ............................................................................................ 3

           C.      Plaintiff's Wage Notice Claim Must Be Dismissed Because He Has No Standing ........................................................................................ 4

    II.     Section 191 Does Not Contain a Private Right of Action. ..................................... 5

    III.    Plaintiff's Class Allegations Constitute an Impermissible Fail-Safe Class And Must Be Stricken ............................................................................................ 6

CONCLUSION .............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brecher v. Republic of Arg.*,
   806 F.3d 22 (2d Cir. 2015) .................................................................................................... 6

*Harris v. Old Navy LLC*,
   No. 1:21-cv-09946 (S.D.N.Y. Nov. 15, 2022) .................................................................. 5, 6

*Espinal et al., v. Sephora USA, Inc.*,
   No. 22 Civ. 03034 (S.D.N.Y. Nov. 16, 2022) ............................................................... 3, 5, 6

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
   2022 NY Slip Op 00911 (Feb. 10, 2022) ............................................................................. 5

*Vega v. CM & Assocs. Constr. Mgmt., LLC*,
   175 A.D.3d 1144, 1145, 107 N.Y.S.3d 286, 288 ...................................................... 1, 2, 5, 6

*Zivkovic v. Laura Christy, LLC*,
   No. 1:17-cv-553, 2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022) ......................... 5

**Statutes**

New York Labor Law § 198(1-a) ................................................................................... 1, 2, 3

New York Labor Law § 191 ........................................................................................ 1, 2, 5, 6

BG Retail, LLC ("BG Retail" or "Defendant") respectfully submits this memorandum of law in further support of its motion, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss the Complaint ("Complaint") in its entirety.

There is no doubt that the possibility of Plaintiff receiving liquidated damages calculated as the full week of wages allegedly paid is not only wildly out of proportion, but also contrary to a plain reading of the applicable statute. Indeed, court's within this District have described such damages as "just kooky." As set forth in BG Retail's moving papers, § 198(1-a) of the New York Labor Law ("NYLL") necessitates that, because Plaintiff is not "due" any wages, his liquidated damages must be calculated as $0. Because Plaintiff cannot collect damages, he has suffered no injury and lacks standing. Plaintiff has failed to meet this argument head-on. Instead, Plaintiff states that Defendant's arguments regarding the calculation of damages is premature. It is not. Interestingly, **Plaintiff's Opposition makes no argument against calculating liquidated damages on the alleged lost time value of money**. Thus, BG Retail respectfully requests the Court issue an Order clarifying that the appropriate measure of damages is liquidated damages on the lost time value of money.

Moreover, rather than address BG Retail's arguments concerning the plain language of § 191 and § 198(1-a), or the *Sheehy* factors, Plaintiff simply cites to *Vega*, and those cases that defer to it, to argue it was correctly decided. Regardless, as set forth in BG Retail's moving papers, it is likely that the Court of Appeals, when it reviews this issue, will find there is no express or implied private right of action for violations of NYLL § 191. Plaintiff's Opposition also fails to offer any evidence of harm stemming from his alleged failure to receive wage notices sufficient to confer Article III standing. And even if he had (he has not), the Court should strike Plaintiff's class claims because Plaintiff does not dispute that he alleges an

impermissible fail safe class as discovery cannot occur because the class cannot be ascertained until a finding on the issue of liability. Accordingly, Plaintiff's Complaint should be dismissed.

## ARGUMENT

I. **Plaintiff Has Not Refuted BG Retail's Standing Arguments**

    A. **Plaintiff Lacks Standing Under Section 191 Because He Has No Injury**

Plaintiff's Opposition misses the point of BG Retail's argument on standing – indeed, he addresses standing and liquidated damages in disjunct sections, missing the interplay of these concepts. Plaintiff concedes he was paid all earnings due. His only claim is that he was paid late. Thus, under § 198(1-a), he is "due" nothing and liquidated damages, based on the plain language of Article 6, must be calculated at $0.[1] Courts have commented that this statutory interpretation compels this result. Indeed, court's within this District have opined that pursuant to the plain language of § 198(1-a), where the "liquidated damages are the wages found to be due, there's an argument that that is zero." (Zimmerman Tr. p. 5, attached as Exhibit A hereto).[2] Of course, *Vega* also contemplates this result by saying that employers may raise payment as a defense, which Plaintiff concedes. Plaintiff attempts to render that defense meaningless by suggesting that liquidated damages are still available where employees are paid in full.[3] However, as set forth in

---

[1] Section 198(1-a) provides:

> In any action instituted in the courts upon a wage claim by **an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment**, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, **an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due**.

[2] *Zimmerman et al v. Regal Cinemas, Inc.*, No. 22-cv-2851.

[3] "However, payment does not eviscerate the employee's statutory remedies." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288.

BG Retail's moving papers, the holding of *Vega* is merely that an employee can assert a private cause of action for late payment of wages. Plaintiff does not even address BG Retail's argument regarding the plain language of § 198(1-a) in his Opposition, likely because it compels the result that he has no injury and no standing.

      **B.**      **Plaintiff Is Not Entitled to Liquidated Damages on the Full Week of Late Wages**

To avoid dismissal for lack of standing, Plaintiff does not even address BG Retail's arguments that his damages must be measured on his alleged lost "time value of money". Instead, Plaintiff attempts to claim that such an argument is premature, without citing to any binding authority for why this Court cannot decide such an issue whereas here, doing so is not only required by the statutory text but is derivative of Plaintiff's own allegations. Indeed, if Plaintiff has standing because he is "due" the lost time value of money, the appropriate measure of his damages is liquidated damages on the lost time value of money (rather than the full week of wages that were allegedly paid late). Court's within this District have in fact emphasized that liquidated damages calculated as the full week of wages allegedly paid late is "just kooky," confirming the conclusion a plain reading of § 198(1-a) compels. (Zimmerman Tr. p. 5, attached as Exhibit A hereto). Indeed, such penalties for employees who were paid in full are "insanely out of proportion" and "draconian." (Zimmerman Tr. p. 5; Corporan Tr. pp. 11-12, attached as Exhibit B hereto).[4]

As set forth in BG Retail's moving papers, in order to be entitled to liquidated damages, Plaintiff must be "due" wages – he is not. **Plaintiff's Opposition makes no argument against calculating liquidated damages on the alleged lost time value of money. Plaintiff has thus**

---

[4] *Corporan et al. v. Regeneron Pharmaceuticals, Inc.*, No.7:21-cv-05069.

3

**conceded that this is the appropriate measure of damages.** Regardless, courts have provided strong support for finding that the proper measure of damages should be calculated as the lost time value of money, rather than the full week of late wages. In *Espinal et al., v. Sephora USA, Inc.*, the Court rejected the proposition that any harm to plaintiffs is the full amount of the wages that were paid late. No. 22 Civ. 03034 (S.D.N.Y. Nov. 16, 2022) (Dkt. 32, at *7-8). The Court further opined that plaintiffs may not even be able to prove damages where their actual injury is the harm that resulted from the delay in payment and not the full week of late wages. *Id.* at *7-8. As such, BG Retail respectfully requests the Court issue an Order clarifying that the appropriate measure of damages is liquidated damages on the lost time value of money. BG Retail is entitled to understand the contours of its potential exposure in order to make informed decisions as to its litigation strategy.

### C. Plaintiff's Wage Notice Claim Must Be Dismissed Because He Has No Standing

Plaintiff Opposition, like his Complaint, fails to set forth any harm stemming from his alleged failure to receive a wage notice. As a result, Plaintiff cannot establish Article III standing and Count Two must be dismissed.

In fact, the decisions cited by Plaintiff are inapposite and **none** of them address the issue of standing at all. Moreover, Plaintiff admits that the type of harm sufficient to establish standing for failure to provide a wage notice (e.g., unpaid wages) is not present here. Instead, Plaintiff claims that if Defendant had provided a wage notice, he would have known that he was being paid improperly. Plaintiff thus claims that this would have allowed him to make a decision regarding his employment. However, it remains to be seen how receiving a wage notice **at hire**, and after he already accepted a position with BG Retail, would have played a role in Plaintiff's decision-making. Indeed, Plaintiff does not even identify any actual, theoretical, monetary or

other harm that resulted from his alleged failure to receive a wage notice. Thus, Plaintiff has no standing and Count Two must be dismissed.

**II.     Section 191 Does Not Contain a Private Right of Action.**

BG Retail has set forth persuasive data sufficient to establish that the Court of Appeals will find that there is no express or implied private right of action for violations of NYLL § 191 – which, again, Plaintiff has essentially ignored. As an initial matter, the statute speaks for itself. Section 191 does not have a private right of action affording damages absent an actual underpayment of wages. As BG Retail set forth in its moving papers, *Vega* is poorly-reasoned and based on little more than a strained dictionary definition of the term "underpayment." Indeed, two recent decisions in the Southern District of New York agree that there can be no "underpayment" where the complaint itself, like here, alleges that a plaintiff has been fully paid:

> "[t]he "**underpayment**" in common usage **does not easily embrace the notion of a late payment of a properly paid wage**. We thus **doubt** that **a worker who was fully paid** her wages, even if late, **may later claim** to have received an "**underpayment**" of those wages . . . Here, plaintiffs do not allege that a single penny of wages due to them went unpaid, and thus there is no underpayment.

*Espinal*, Dkt. 32 at *10; *Harris v. Old Navy LLC*, No. 1:21-cv-09946 (S.D.N.Y. Nov. 15, 2022) (Dkt. 37).

Additionally, Plaintiff concedes that this Court is not bound by *Vega* because the decision was "unreasoned and ran contrary to the clear text" of the statute. *See Zivkovic v. Laura Christy, LLC*, No. 1:17-cv-553, 2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022). Again, while BG Retail previously noted that other courts have followed *Vega* – this mere fact is of no moment because the courts failed to apply the plain language of the statute.

Plaintiff does not refute BG Retail's arguments regarding the application of *Georgiou* or *Konkur* or their indication that, when the Court of Appeals weighs in, it will find that there is no implied private right of action for violations of § 191. Instead, Plaintiff mischaracterizes the

*Georgiou* decision, and ignores its holding – that *Konkur v. Utica Acad. of Sci. Charter Sch.,* 2022 NY Slip Op 00911, ¶ 2 (Feb. 10, 2022)*,* did indeed abrogate *Vega's* alternative holding that there is an implied right of action for violations of § 191. Plaintiff argues that an implied private right of action exists for claims under § 191 based solely on *Vega's* holding. Plaintiff again misses the fact that while the First Department in *Vega* may have cited *Sheehy*, it did not apply the *Sheehy* factors (which it must do) in any detail. The Court in *Espinal* and *Harris* reached the same conclusion as Defendant here*,* finding that the availability of a general enforcement mechanism counsels against finding a private right of action and opining that "the analysis of [the Sheehy] factors likely shies away from creating a remedy under § 191." *Espinal*, Dkt. 32 at \*14; *Harris*, Dkt. 37 at \*17. As BG Retail demonstrated in its moving papers, Plaintiff's attempt to satisfy the *Sheehy* test fails.

### III.   Plaintiff's Class Allegations Constitute an Impermissible Fail-Safe Class And Must Be Stricken

The Court should strike Plaintiff's class allegations because he seeks to represent an impermissible fail-safe class. Plaintiff does not dispute that his class definition is inappropriate and impermissible. Instead, he claims that striking the allegations would be premature and should be decided at the certification stage. Here however, the parties are unable to engage in meaningful discovery where the class is defined by reference to a definition that bears on liability and thus, cannot be ascertained. As such, this Court must strike the class allegations as an impermissible fail-safe class. See *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015) ("A class is ascertainable when defined by objective criteria that are administratively feasible and when identifying its members would not require a mini-hearing on the merits of each case.")

## **CONCLUSION**

For each of the foregoing reasons, BG Retail respectfully requests that the Court dismiss the Complaint with prejudice in its entirety, and award to BG Retail such other and further relief as it deems just and proper.

Dated: New York, New York
July 14, 2023

                                            Respectfully submitted,

                                            OGLETREE, DEAKINS, NASH,
                                             SMOAK & STEWART, P.C.

                                            By:  *s/ Evan B. Citron*
                                                  Evan B. Citron
                                                  Jessica R. Schild
                                            599 Lexington Avenue, 17th Floor
                                            New York, NY  10022
                                            (212) 492-2500
                                            evan.citron@ogletree.com
                                            jessica.schild@ogletree.com

                                            *Attorneys for Defendant BG Retail, LLC*