# LEEDS BROWN LAW, P.C.

One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

_____*Attorneys at Law*_____

February 5, 2024

**Via ECF**
Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    **_Zachary v. BG Retail, LLC_**
                Case No. 7:22-cv-10521-VB

Dear Judge Briccetti:

      We represent Plaintiff Tova Zachary and the putative class ("Plaintiffs") in the above-referenced action. We write pursuant to Your Honor's directive to address the impact of *Grant v. Global Aircraft Dispatch, Inc.*, 2024 WL 172900 (2d Dep't Jan. 17, 2024) (hereinafter "*Grant*") as it pertains to Defendant's pending motion to dismiss Plaintiffs' Amended Complaint. (ECF Dkt #28). Plaintiffs respectfully submit that *Grant* should have no bearing on this Court's ultimate decision and – like every other Court to consider the viability of New York Labor Law ("NYLL") § 191 pay frequency claims over the past few years – this Court should adopt the rationale set forth in *Vega v. CM & Associates Construction Management*, 175 A.D.3d 1144 (1st Dep't 2019) (hereinafter "*Vega*") resulting in the denial of Defendant's motion.

      As a threshold matter, in arguing that *Vega* was wrongly decided, Defendant's moving papers make clear that federal courts are not bound by "unreasoned" decisions rendered by state intermediate appellate courts. ECF Dkt #13 at Br. p. 11. Plaintiffs <u>agree</u> with this principle of law, which supports our position twofold: (1) prior to *Grant*, despite having the authority to do so, federal courts in this Circuit time and again declined to render a decision contrary to *Vega*, implying the First Department's decision was "reasoned"; and, (2) *Grant*, for the reasons explained below, is the "unreasoned" decision between the two,[1] and should not be followed.

      First, *Grant* ignores the holding of the New York Court of Appeals in *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 459 (1993), where New York's highest court expressly held that "the plain language, legislative history and purpose of section 198 (1-a) all indicate that the intent of the statute is that the…remed[ies] provided therein [are] limited to wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6." Here, it is irrefutable that NYLL § 191 is a "substantive provision" of NYLL Article 6, and as such, NYLL § 198 (1-a) is intended to provide a mechanism for remedying violations of NYLL § 191.

---

[1] *Vega*, which held NYLL § 191 contains both express and implied private rights of action, was decided unanimously, while *Grant* included a lengthy dissent that mimicked *Vega*'s logic.

# LEEDS BROWN LAW, P.C.

Second, despite *Gottlieb*, the Second Department decided that Section 198 only applies to claims for nonpayment or underpayment of wages, but that somehow wages paid delinquently (per statute) constitute neither. Its holding was "supported" by a single sentence in *Gutierrez v. Bactolac Pharm., Inc.*, 210 A.D.3d 746, 747 (2d Dep't 2022) which stated "the Supreme Court properly directed dismissal of the second cause of action, which alleged violations of Labor Law § 191, as that statute pertains to frequency of pay and not unpaid wages[.]" As the minority opinion in *Grant* correctly pointed out, in *Gutierrez* the Second Department affirmed the dismissal of a cause of action alleging violations of NYLL § 191 where the plaintiff was not alleging a violation regarding frequency of pay but was rather seeking to recover damages for unpaid wages. *Grant*'s minority opinion further correctly points out that "*Gutierrez* did not determine that a violation of Labor Law § 191(1)(a) does not result in unpaid wages or underpaid wages for the purposes of whether a private right of action exists under Labor Law § 198(1-a)."

Third, *Grant* held that NYLL § 198 (1-a) provides for liquidated damages as an "additional amount," "clearly contemplating recovery of an underpayment as the primary, foundational remedy" meaning that "under the statute as written, the recovery of liquidated damages is dependent upon the recovery of an underpayment." This is a straw man fallacy, as the plain language of the statute makes no mention that recovery of an underpayment is a prerequisite to recover liquidated damages and *Grant*'s "interpretation" of it that way is merely done to support its predestined conclusion.

Fourth, the majority in *Grant* takes exception to *Vega*'s holding that the "moment an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." In so doing, *Grant* treats NYLL § 191 merely as a suggestion or guideline, rather than an express law. *Grant* seems to imply that if an employer's pay schedule would not trigger a violation of the Fair Labor Standards Act's "prompt payment" requirement (which, unlike NYLL § 191, allows for speculation about when wages may actually be due), then there is no actionable violation of NYLL § 191. This logic is inherently flawed, and would be akin to arguing that an employer can disregard New York's minimum wage laws so long as employees are paid in accordance with the (lower) federally mandated minimum wage rates. In sum, the law makes clear that wages owed to manual workers are to be paid weekly <u>and</u> not later than seven days after the end of the week in which wages are earned. That is indisputable and not subject to interpretation.

Finally, *Grant*'s reliance on *Konkur v. Utica Academy of Science Charter Sch.*, 38 N.Y.3d 38 (2022) for the proposition that there is no implied[2] private right of action for a violation of NYLL § 191(1)(a) is misplaced. In *Konkur*, the New York Court of Appeals held that no private right of action exists for a violation of NYLL § 198-b, an entirely different statute than the one at bar. In so doing the Court noted that a private right of action does exist under NYLL § 191 stating "As we have made clear, the attorney's fees remedy provided for in section 198 (1-a) must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6[.]'" 38 N.Y. 3d at 43 (quoting *Gottlieb*, 82 N.Y.2d at 459). Labor Law § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees[]." *Id.* Thus, *Konkur* provides there is a private right of action for violation of NYLL § 191. This is firmly supported by the fact that many district courts have analyzed *Vega* in the context of *Konkur*, and

---

[2] *Grant* acknowledges that *Konkur* did not address an express private right of action, and cites federal case law which determined that *Konkur* did not abrogate *Vega*'s determination on this point. *See* fn*.

# LEEDS BROWN LAW, P.C.

have still found a private right of action exists. *Grant* at *8 (Christopher, J., dissenting) (collecting cases).

  In sum, Plaintiffs respectfully submit that Defendant's motion must still be denied in its entirety.

            Respectfully submitted,

            **LEEDS BROWN LAW, P.C.**

            _____
              Brett R. Cohen

cc: Counsel of Record (via ECF)