**Ogletree Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys At Law*

599 Lexington Avenue, 17th Floor
New York, NY 10022
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Evan B. Citron
212.492.2068
evan.citron@ogletree.com

February 5, 2024

**VIA ECF**
The Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:   *Zachary v. BG Retail, LLC*; 7:22-cv-10521 (VB)

Dear Judge Briccetti:

We represent Defendant BG Retail, LLC ("Defendant") in the above-referenced matter. In accordance with Your Honor's Order dated January 25, 2024, we respectfully write to address the impact of *Grant v. Global Aircraft Dispatch, Inc.*, 2024 WL 172900 (2d Dep't, N.Y. App. Div. Jan. 17, 2024) on Defendant's pending Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 28) (the "Motion"). In *Grant*, the Appellate Divisions, Second Department affirmed the trial court's decision dismissing a plaintiff's pay frequency claim on the basis that there is no express or implied private right of action for violations under Section 191 of the New York Labor Law (the "NYLL"). In so ruling, the *Grant* Court considered, and rejected, the First Department's holding in *Vega v. CM & Associates Construction Management, LLC*. As set forth below, *Grant* directly supports Defendant's arguments in the Motion, and warrants adoption by this Court.

I.   **The Court Should Adopt *Grant* because it is more likely to be Adopted by the New York Court Of Appeals than the Holding in *Vega***

When sitting in diversity over a matter predicated on New York state law, a federal court must apply the substantive state law consistent with the decisions of New York state courts. When state appellate departments are split on an issue, federal courts do not simply adopt the interpretation of the appellate department it sits within, rather, they must predict how the New York Court of Appeals would decide the issue. *Pacho v. Enter. Rent-A-Car Co.*, 572 F.Supp.2d 341, 346 (S.D.N.Y. Aug. 7, 2008); *see also Kuwait Airways v. Ogden Allied Aviation Srvs.*, 726 F.Supp. 1389, 1395 (E.D.N.Y. 1989) (rejecting an argument that a court must follow the rule of the appellate district in which venue would have been proper had the case been brought in state court).

To predict how the Court of Appeals would decide the issue, federal courts conduct "an examination of New York, and if necessary, other jurisdictions' case law" and "essay[] a prediction" on how the highest state court will rule on the issue. *Michalski v. the Home Depot,*

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

The Honorable Vincent L. Briccetti
February 5, 2024
Page 2

225 F.3d 113, 116-117 (2d Cir. 2000). This can include a review of (1) decisions of the state appellate departments; (2) federal decisions; and/or (3) the general weight and trend of authority. *Reyes v. City of New York,* 992 F. Supp. 2d 290, 301 (S.D.N.Y. 2014) (citing *Francis v. INA Life Ins. Co. of New York,* 809 F.2d 183, 185-87 (2d Cir. 1987). For example, in *Reyes v. City of N.Y.,* 992 F.Supp.2d 290, (S.D.N.Y Jan. 16, 2014), faced with a split between the New York appellate departments, the Southern District of New York predicted the New York Court of Appeals would adopt one argument over the other based on the opinion's "thorough examination of the doctrinal developments" regarding the unresolved legal issue. The same can be said of the decision in *Norton v. Town of Brookhaven*, in which the Eastern District of New York adopted the view of one appellate department over another because it believed one argument had "more sound reasoning." 2022 U.S. Dist. LEXIS 15377, 2022 WL 1478716 (E.D.N.Y. Jan. 27, 2022).

As discussed further below, the Court of Appeals is likely to follow *Grant.* The Second Department's ruling in *Grant* reflects a clear reading of New York law as it was drafted by the state legislature and it is well-supported by case law and precedent (as distinct from *Vega* which relied on little more than a dictionary definition in reaching its holding). *Grant* was also decided after *Vega* and reflects a shifting trend in doctrinal developments of law surrounding this issue in New York state courts to return to the long-established and well-reasoned scheme[1] that violations of Section 191 do not constitute a private right of action that was upended by *Vega*. Additionally, as discussed in more detail below, numerous federal decisions have expressed frustration with the poor reasoning of *Vega* and recent legislation has attempted to change the harmful effects of the First Department's decision.

**II.     The Court of Appels is likely to follow *Grant*.**

The Second Department's decision in *Grant* is well-reasoned and the analysis is more complete than the First Department's decision in *Vega*. The Second Department also had the benefit of considering the reasoning of *Vega* when deciding *Grant* and outright rejected it. As such, the Court of Appeals is likely to follow *Grant*.

> **a.  The *Grant* Court Found that there is no Express Private Right of Action for Violations of Section 191 of the New York Labor Law**

---

[1] *See Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 WL 3392476, at *1-*2 (Trial Order) (Queens Cty. Sup. Ct., June 11, 2018) (mere frequency of pay violation, without an actual underpayment, does not trigger the damages provision of Section 198); *IKEA U.S. v. Indus. Bd. of Appeals*, 241 A.D.2d 454, 455 (2d Dep't 1997) (NYSDOL Commissioner assessed only a fine for violation of Section 191; there was no finding that the wages paid bi-weekly was an underpayment and liquidated damages were not assessed); *Hussain v. Pak. Int'l Airlines Corp.*, No. 11-CV-932, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) (dismissing frequency of pay claim because "[the New York Labor Law] contains no provision for private recovery for violations of its provisions regarding frequency of pay"); *Arciello v. Cty. of Nassau*, No. 16-cv-3974, 2019 WL 4575145, at *8-*9 (E.D.N.Y. Sept. 20, 2019) (dismissing Section 191 claim because Section 198 does not provide a remedy for the failure to timely pay wages); *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018) ("[t]he NYLL does not appear to provide" private recovery for Section 191 violations).

The Honorable Vincent L. Briccetti
February 5, 2024
Page 3

In *Grant,* the Second Department held that Section 198(1-a) of the NYLL does not expressly provide a private right of action for a manual worker paid on a biweekly basis in violation of Section 191(1)(a) to recover liquidated damages, interest, and attorneys' fees. Reviewing the plain language of Section 198(1-a), the *Grant* court found that the statute refers to nonpayment and underpayment of wages only – not a "late" or "untimely" payment. *Grant v. Glob. Aircraft Dispatch, Inc.*, No. 2021-03202, 2024 WL 172900, at *3 (N.Y. App. Div. Jan. 17, 2024). The Second Department explicitly rejected the reasoning in *Vega* by focusing on the plain meaning of section 198(1-a). *Id.* Specifically, the Second Department in *Grant* noted that section 198(1-a) refers to an employee being "paid less than the wage to which he or she is entitled;" therefore, "the full amount of any underpayment" found in 198(1-a) is that an employee has received a lesser amount of earnings than agreed upon, not that the employee received the agreed-upon amount one week later, on the employee's regular payday. *Id.*

In *Grant*, the plaintiff employee – like Plaintiff here – acknowledged he was paid his wages in full and only sought liquidated damages. The Second Department in *Grant* held that absent an underpayment or nonpayment, which is distinct from the frequency of pay violations alleged, liquidated damages, prejudgment interest, and attorneys' fees are not available where a manual worker is paid all of his or her wages biweekly, rather than weekly, in violation of Section 191(1)(a). 2024 WL 172900, at *3. Because Plaintiff acknowledges she was paid her wages in full, there is no underpayment or nonpayment triggering the recovery of liquidated damages, interest, and attorney fees under Section 198(1-a).

      b. **The *Grant* Court Found that there is no Implied Private Right of Action for Violations of Section 191 of the New York Labor Law**

Like Plaintiff here, the plaintiff in *Grant* contended that there is an implied private right of action for Section 191 claims. However, the Second Department in *Grant*, rejected such contention on the basis that an implied private right of action would not be consistent with the legislative scheme. 2024 WL 172900, at *5. Specifically, the Second Department relied on *Konkur v. Utica Academy of Science Charter School* where the Court of Appeals concluded that a private right of action to recover damages for a violation of Section 198-b of the NYLL, prohibiting kickbacks, could not be implied because the statutory scheme expressly provided two robust enforcement mechanisms which indicated that the legislature considered how to best effectuate the intent of the statutory provision and provided the avenues for relief it deemed warranted. *Id.* citing *Konkur v. Utica Acad. of Sci. Charter Sch.,* 38 N.Y.3d 38, 43 (2022). Given the Court of Appeal's determination in *Konkur* (which was decided after *Vega*) that a private right of action would not be consistent with the legislative scheme given the significant enforcement mechanisms provided in Section 198-b, the court in *Grant* found that a private right of action cannot be implied with respect to Section 191 claims since its statutory provision similarly contains multiple official enforcement mechanisms for violations of the provision. *Id*. Accordingly, no implied private right of action should be found for Plaintiff's Section 191 claim given the enforcement mechanisms found in Section 191.

The Second Department in *Grant* further noted that the Court of Appeals in *Konkur* determined that an employer's violation of Section 198-b did not constitute a "wage claim" under Section 198(1-a) implying a private right of action thereunder on the basis that "the mere fact that a violation of the Labor Law had the effect of reducing employees' wages (even permanently) did not bring that Labor Law violation under the auspices of" Section 198(1-a), which covers nonpayment and partial payment of wages." 2024 WL 172900, at *5 citing *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 44 (2022). Here, similar to *Grant's* adoption of *Konkur*, Plaintiff's Section 191 claim does not constitute a "wage claim" under Section 198(1-a); therefore, no implied private right of action exists.

### III. Federal Courts in New York Have Expressed Doubt Regarding the Correctness of the *Vega* Decision

Prior to the decision issued by the Second Department in *Grant*, *Vega* was the only decision issued by a state appellate department; therefore, federal courts in New York were obligated to accept its holding that created a private right of action for violation of Section 191. Despite being obligated to adopt *Vega*, many federal courts expressed doubt to the correctness of the *Vega* decision and noted their objections to its reasoning. *See Georgiou v. Harmon Stores, Inc.*, 2022 U.S. Dist. Lexis 234643 (E.D.N.Y. Jan. 5, 2023)*(*expressly abrogated *Vega's* holding that an implied private right of action exists under Section 191); *Espinal v Sephora USA, Inc.*, 2022 WL 16973328, *4-6, 2022 US Dist LEXIS 208400, *11-14 [SD NY, No. 22 Civ. 03034 (PAE) (GWG)], report and recommendation adopted by 2023 WL 2136392, 2023 US Dist LEXIS 28661 [SD NY, No. 22 Civ. 03034 (PAE) (GWG)]( "[W]e reject the proposition that the injury to plaintiffs from a one-week late payment is the full amount of the salary that was paid late. . . . the harm to the plaintiff is not the full amount of the wage that was paid late, but rather whatever loss specifically resulted to plaintiff from the delay in payment."); *Harris v Old Navy, LLC*, 2022 WL 16941712, *7, 2022 US Dist LEXIS 206664, *18 [SD NY, No. 21 Civ. 9946 (GHW) (GWG)], report and recommendation adopted by 2023 WL 2139688, 2023 US Dist LEXIS 28419 [SD NY, No. 1:21-cv-9946-GHW].

Moreover, in several pre-motion conference transcripts, federal court judges have further expressed their reservations with respect to the correctness of *Vega*. For instance, a S.D.N.Y. judge described the possibility that a plaintiff would receive liquidated damages calculated as the full week of wages allegedly paid late as "just kooky" with respect to the application of *Vega*. *Zimmerman et al v. Regal Cinemas, Inc.*, No. 22-cv-2851, Tr. p.5 attached hereto as Exhibit A. Moreover, the same S.D.N.Y. judge also emphasized that such penalties under *Vega* for employees who were paid in full are "insanely out of proportion" and "draconian." *Zimmerman*, No. 22-cv-2851; *Corporan et al. v. Regeneron Pharmaceuticals, Inc.* No. 22-cv-705, Tr. pp. 11-12 attached hereto as Exhibit B.

Given the numerous federal decisions and pre-motion conference transcripts that call into question the correctness of the *Vega* decision, this Court should consider these decisions and transcripts in its determination that *Grant* should be followed instead of *Vega*.

The Honorable Vincent L. Briccetti
February 5, 2024
Page 5

### IV. Proposed Legislation Provides Insight into the General Weight and Trend of Authority

Governor Hochul's 2025 executive budget proposal includes an amendment to Section 198(1-a) of the New York Labor Law that would clarify that an employee is not entitled to liquidated damages for Section 191 violations "where the employee was paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly." Such proposal is directly aligned with the holding in *Grant*. Moreover, there is also legislation that would amend Section 191 to foreclose a civil cause of action absent "fraud or bad faith," and impose a 25 dollar civil penalty per employee, which contradicts the holding in *Vega*. *See* 2023 A7744 (N.Y. June 6, 2023). Accordingly, this Court should consider these recent legislative proposals that are aligned with the holding in *Grant* in determining that an express and implied private right of action does not exist for violations of Section 191.

### V. Conclusion

For each of the foregoing reasons, Defendant respectfully requests that the Court consider the Second Department's decision in *Grant* in rendering its decision on Defendant's Motion.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By:   *s/ Evan B. Citron*
         Evan B. Citron

Enclosures

cc:    All counsel of record (via ECF)